Bertram Harnett, J.
In 1968 Joel Shea applied to the Franklin National Bank (Franklin) for a loan, the proceeds of which he claimed to need to buy a car from his father-in-law, Donald MacMurray. Franklin approved the loan and issued its check in the amount of $3,004 payable to Joel Shea and Donald MacMurray.
*881 The Franklin check, bearing “ signatures ” of Shea and Mac-Murray, was presented by Shea at the Chase Manhattan Bank (Chase), and Chase made payment to Shea. The parties have stipulated that the ‘ ‘ signature ’ ’ of MacMurray was not his, that it was placed there by someone without his authorization, and that MacMurray received none of the proceeds of the check.
Chase then presented the check to Franklin and Franklin made payment upon it. Sometime later, Franklin discovered that MacMurray’s signature was unauthorized and Franklin demanded repayment from Chase. Upon the latter’s refusal, this litigation ensued.
Chase asserts that MacMurray is an “ imposter payee ” under section 3-405 of the Uniform Commercial Code so that the indorsement by any person in MacMurray’s name is effective against Franklin. Franklin asserts that MacMurray is not an “imposter payee” and that accordingly section 3-405 of the Uniform Commercial Code is inapplicable.
Section 3-405 of the Uniform Commercial Code in relevant part provides: “ (1) An indorsement by any person in the name of a named payee is effective if (a) an imposter * * * has induced the maker or drawer to issue the instrument * * * in the name of the payee * * * or (b) a person signing as * * * maker or drawer intends the payee to have no interest in the instrument; or (c) ”.
Section 3-405 (subd. [1], par. [a]) of the Uniform Commercial Code would render the signature “Donald MacMurray ” effective if a person posing as MacMurray (regardless of whether MacMurray really existed) had induced Franklin to issue the check in MacMurray’s name. Such is not the case here. The Official Comment under section 3 — 405 at paragraph 2 (McKinney’s Cons. Laws of N. Y., Book 62%, part 2, Uniform Commercial Code, p. 256) makes clear that “ imposter ” refers to “ impersonation ”. Franklin knew that Shea was not Mac-Murray and, upon inquiry, had ascertained that MacMurray was both real and the owner of the car. Franklin intended Mac-Murray to have an interest in the proceeds of the check.
There is no dispute that Donald MacMurray is a real person. The uncontroverted testimony at the trial was that Franklin had included his name as a payee ‘ ‘ in the normal course of [bank] business ’ ’ and “as a matter of policy ’ ’ because Mac-Murray was intended ultimately to receive the check proceeds upon transfer of title to the car. Under these circumstances, the court finds that MacMurray was intended by Franklin to have an interest in the check and the indorsement of MacMurray’s name by another person cannot be legally effective. *882 Neither is the unauthorized signature made effective by section 3-405 (subd. [1], par. [b]) of the Uniform Commercial Code, since that provision would be applicable only if Franklin had included MacMurray as a payee while intending him to have no interest in the proceeds. Such is not the case here.
The court finds that the signature ‘ ‘ Donald MacMurray ’ ’ was an unauthorized one within the ambit of subdivision (1) of section 3-404 of the Uniform Commercial Code, rendering it ‘ ‘ wholly inoperative ’ ’. Defendant Chase having warranted the indorsement to Franklin, section 4 — 207 (subd. [2], par. [b]) of the Uniform Commercial Code, it is liable for the amount erroneously received by it from Franklin.
Accordingly, the court will grant judgment in favor of plaintiff in the amount of $3,004 plus interest from the date on which Franklin made payment to Chase. Chase may pursue its legal remedies against the person who received the proceeds of the check based upon the unauthorized indorsement.